CITIZENS FOR A REFERENDUM VOTE *vs.* CITY OF WORCESTER &
others.

Suffolk. April 3, 1978. — May 10, 1978.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Elections*, Validity.

The fact that seven of seventy-nine precincts were delayed in opening on
   schedule for a city-wide special election did not invalidate the election
   where the delays were inadvertent and not the result of official
   misconduct and where there was no showing that the delays affected
   the outcome of the voting. [219-220]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on December 1, 1977.

On transfer to the Superior Court, the case was heard by
*Donelan*, J., a District Court judge sitting under statutory
authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Edward D. McCarthy* for the plaintiffs.

*Henry P. Grady*, City Solicitor (*David B. Williams*, As-
sistant City Solicitor, with him) for city of Worcester &
others.

*Todd D. Rakoff* (*Verne W. Vance, Jr.*, with him) for the
Worcester Civic Center Commission, interveners.

BRAUCHER, J. At a special election held in Worcester on
September 20, 1977, the voters approved an order of the
city council appropriating $7.9 million for a new civic
center. The vote, which included authority for a bond issue,
carried by a plurality of forty-six votes out of 40,936 votes
cast. A recount held September 30, 1977, increased the
margin to 119 votes. A judge of the Superior Court ruled
that the election was valid, the plaintiffs appealed, and we

allowed joint applications of all parties for direct appellate review and for expedited review. The case was argued on April 3, 1978, and on April 6, 1978, we issued an order affirming the judgment. We now explain that order.

The case was tried on a statement of agreed facts, which we summarize. The city council fixed the voting hours as 8 A.M. to 8 P.M. All but seven of the seventy-nine precincts were open on schedule. Problems in the delivery of ballots delayed the opening in seven precincts from twelve to eighty minutes. The delay in three precincts occurred because a substitute driver, unfamiliar with the location of the precincts, inadvertently left the city hall without the police officer assigned to accompany him and later had an accident. The delay in three other precincts resulted from a breakdown of the assigned truck before it left the city hall. All precincts were open by 9:20 A.M., and all remained open until 8 P.M. There is nothing in the agreed facts to show that the delay prevented any voter from voting. The judge thought it clear that the delay was purely accidental, and that the city clerk acted promptly and in good faith to correct the problems as they arose.

According to G. L. c. 54, § 60, a city clerk "shall" send the ballots to each polling place before the opening of the polls. But not every deviation from such a provision automatically upsets the result of an election. *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 276 (1932). "Irregularities in the conduct of an election, not shown to violate the substantive end for which the election was held, do not invalidate the result." *Id.* at 278. Under G. L. c. 54, § 61, if ballots are not delivered the city clerk "shall" cause similar ballots to be prepared, and the ballots so substituted shall be used.

The case is a close one because the election was close. But in the absence of official misconduct, we think some showing is required that enough votes were involved to affect the outcome. See Developments in the Law — Elections, 88 Harv. L. Rev. 1111, 1317, 1321 (1975). No such showing was made. In similar circumstances, the House of Repre-

sentatives long ago ruled that a provision as to the hours for voting was directory. Warwick, Cushing's Contested Election Cases 401 (1840). Accord, *Chenoweth* v. *Earhart,* 14 Ariz. 278 (1912); *Kenworthy* v. *Mast,* 141 Cal. 268 (1903); *Magura* v. *Smith,* 131 N.J. Super. 395 (1974); *Williams* v. *Sherwood,* 51 N.D. 520 (1924).

We have considered the plaintiffs' other contentions, and we think they do not require discussion.